NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 21-2441 & 21-2792
_____

CRAIG A. GENESS,
Appellant

v.

ADMINISTRATIVE OFFICE OF PENNSYLVANIA COURTS;
COMMONWEALTH OF PENNSYLVANIA;
PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-16-cv-00876)
District Judge: Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 17, 2022

Before: HARDIMAN, SMITH and FISHER, *Circuit Judges*.

(Filed: August 12, 2022)
_____

OPINION*
_____

FISHER, *Circuit Judge*.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

For over six years, Craig Geness has been seeking redress from a variety of state and local actors for leaving him in detention for 3,309 days despite being mentally disabled and deemed incompetent to stand trial.[1] He had his day in court in July 2021, and a jury of his peers found that the Commonwealth of Pennsylvania was not liable for his suffering. Following this verdict, Geness moved for a new trial, which the District Court denied. Geness now appeals. Although we decry the tragic circumstances of Geness's detention, we see no reason to second guess the jury's verdict. Because the District Court did not abuse its discretion in denying Geness's motion for a new trial, we will affirm.[2]

Geness first argues he is entitled to a new trial because the evidence clearly established that the Commonwealth—through Judge Wagner, the Fayette County Court of Common Pleas President Judge who presided over Geness's prosecution—was deliberately indifferent to his rights under the Americans with Disabilities Act. To let the

---

[1] This is the third time this case has come before this Court. *See Geness v. Cox*, 902 F.3d 344 (3d Cir. 2018); *Geness v. Admin. Off. of Pa. Cts.*, 974 F.3d 263 (3d Cir. 2020).

[2] The District Court had jurisdiction under 28 U.S.C. § 1331 (federal question). We have jurisdiction under 28 U.S.C. § 1291 (final decision). We review a district court's decision to deny a motion for a new trial for abuse of discretion. *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 386 (3d Cir. 2016).

verdict stand, he says, would be a miscarriage of justice.[3]

To prove deliberate indifference, Geness had to establish that Judge Wagner had "(1) knowledge that a federally protected right [was] substantially likely to be violated . . . , and (2) fail[ed] to act despite that knowledge."[4] Deliberate indifference requires actual knowledge.[5] At trial, Geness presented evidence that on two occasions Judge Wagner stated that a determination as to Geness's competency would affect his prosecution. Geness claims this evidence supports a finding that the Commonwealth acted with deliberate indifference. However, Judge Wagner testified that (1) he did not believe he violated the ADA when he made rulings and issued orders in Geness's criminal case, and (2) he did not intend to discriminate against Geness based on his disability. Faced with this conflicting evidence, the jury credited Judge Wagner's testimony more favorably. The jury thus reasonably concluded Judge Wagner had no actual knowledge that Geness's rights were being violated, and he therefore did not act with deliberate indifference.[6]

---

[3] A court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a)(1)(A), but "it should do so only when 'the great weight of the evidence cuts against the verdict and . . . [] a miscarriage of justice would result if the verdict were to stand.'" *Leonard*, 834 F.3d at 386 (quoting *Springer v. Henry*, 435 F.3d 268, 274 (3d Cir. 2006)).

[4] *S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 265 (3d Cir. 2013) (emphasis omitted).

[5] *Id.* at 266 n.26.

[6] *See Scully v. US WATS, Inc.*, 238 F.3d 497, 506 (3d Cir. 2001) ("Credibility determinations are the unique province of a fact finder." (quoting *Dardovitch v. Haltzman*, 190 F.3d 125, 140 (3d Cir. 1999))).

Next, Geness challenges the District Court's jury instruction on the deliberate indifference standard.[7] He argues that although the District Court defined deliberate indifference for the jury, it should have included an additional instruction explaining that deliberate indifference only requires a conscious disregard of a substantial risk to the plaintiff rather than an intent to harm. Without this additional instruction, Geness argues, the jury was left confused and held him to a higher burden. The problem with Geness's proposed instruction is that it is distilled from this Court's explanation of how to prove deliberate indifference in the specific context of the state created danger exception and its requirement that a state official's actions shock the conscience.[8] The District Court reasonably concluded that Geness's instruction would confuse the jury given the different contexts of the cases. Because the District Court did not err in instructing the jury, it did not abuse its discretion in refusing to grant a new trial based on those instructions.

For the foregoing reasons, the District Court's order denying Geness's motion for a new trial will be affirmed.

---

[7] We review the District Court's decisions regarding jury instructions for abuse of discretion. *See Bhaya v. Westinghouse Elec. Corp.*, 922 F.2d 184, 191 (3d Cir. 1990) ("Unless a trial judge misstates the law, the judge's rulings on points for charge may be reversed only if the judge committed an abuse of discretion.").

[8] *Kedra v. Schroeter*, 876 F.3d 424, 436–37 (3d Cir. 2017). Unlike *Kedra*, this case does not involve the state created danger doctrine.